# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**TAMIKA PAYNE,**<br><br>        Defendants. | **CASE NO. 8:13CR233**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Findings and Recommendation (Filing No. 47)[1] issued by Magistrate Judge Thomas D. Thalken recommending that the Motion to Suppress (Filing No. 26) filed by Defendant, Tamika Payne ("Payne"), be denied. Payne filed a Statement of Objections to the Findings and Recommendation (Filing No. 49) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government has submitted a Response to the Objection (Filing No. 50.) For the reasons set forth below, the Findings and Recommendation will be adopted and the Motion to Suppress will be denied.

## BACKGROUND

Payne was charged in a seven-count indictment with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 371 and 1341, and six counts of mail fraud in violation of 18 U.S.C. § 1341. Payne moves to suppress from evidence all statements she made during an interview with law enforcement on March 5, 2013, as well as any evidence derived from those statements. Judge Thalken provided an

---

[1] Judge Thalken's findings of fact and conclusions of law were made orally. The evidentiary hearing was held on October 22, 2013, and the transcript appears at Filing No. 46. Judge Thalken's findings of fact and conclusions of law appear at Filing No. 46 at 37:3-46:22.

account of the events surrounding Payne's interview with law enforcement officers. (Filing No. 46 at 37:5-38:16.)  The Court has considered the transcript of the evidentiary hearing as well as the evidence, including the recording of the interview.  After conducting a de novo review of the record, the Court adopts Judge Thalken's factual findings.  The Court provides the following facts by way of summary:

The allegations in the indictment arise from Payne's alleged participation in a scheme to obtain money by submitting fraudulent applications for benefits from the Nebraska Aids Project ("NAP").  The indictment alleges that Payne's co-defendant, Jason Armstrong ("Armstrong"), submitted false "Landlord Rental Certifications" representing that NAP clients were incurring rental expenses and were entitled to reimbursement through federal grants. Payne allegedly posed as a landlord or property manager for premises rented to NAP clients.  Payments were to be sent to her.  The Government suspected that Payne and Armstrong's son, Thomas Boles-Armstrong ("Boles-Armstrong") had knowledge of the scheme, and his name appeared on several checks.

Investigators contacted Payne in March 2013 and said they wanted to discuss the misuse of funds from the NAP.  Payne agreed to an interview and investigators went to her home.  Boles-Armstrong, aged 18, was at home at the time.  Two investigators interviewed Payne in one room, and two other investigators interviewed Boles-Armstrong in another room.  Payne was advised in the interview that neither Payne nor her son would be arrested at the conclusion of the interview.  Though Payne was not under arrest, investigators also advised her of her Miranda rights.  At some point during the interview, Investigator Anthony Sattlefield ("Investigator Sattlefield") mentioned that

because of Boles-Armstrong's young age, Investigator Sattlefield did not "want his opportunities to be affected by this – know what I mean?" (Filing No. 49 at 2.) Payne now argues, inter alia, that the interview was coercive because her son was interviewed in a separate room, and because of statements made about her son during the course of the interview.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

### I.   Alleged Procedural Deficiencies

Payne first alleges that the proceedings demonstrated that Judge Thalken prepared his ruling prior to hearing live testimony, and then "dictated his previously drafted decision into the record at the conclusion of the hearing." (Filing No. 49 at 1.) Payne does not cite any authority stating that such an action would be improper. Further, Payne made no objection the manner in which Judge Thalken conducted evidentiary proceedings. The Court has reviewed the transcript of the hearing and finds no procedural deficiencies or improprieties in the manner in which Judge Thalken issued his findings of fact and conclusions of law. Accordingly, Payne's first objection is overruled.

3

## II.   Alleged Coerciveness of the Interview

Payne's remaining objections concern her allegation that her confession was not voluntary because the investigators' interview tactics were unduly coercive.  "The test for determining the voluntariness of a confession is whether the [government] extracted the confession by threats, violence, or direct or implied promises, such that the 'defendant's will [was] overborne and [her] capacity for self-determination critically impaired.'" *United States v. Williams*, 720 F.3d 674, 691 (8th Cir. 2013) (quoting *United States v. Gannon,* 531 F.3d 657, 661 (8th Cir.2008)).  "In applying this test, we must consider the totality of the circumstances, including law-enforcement officials' conduct and the defendant's capacity to resist pressure." *Id.*  "The government bears the burden of persuasion and must prove by a preponderance of the evidence the voluntariness of the challenged statements." *Id.* (citing *United States v. Aguilar,* 384 F.3d 520, 523 (8th Cir.2004)).  For the reasons stated below, the Court concludes that the Government has met its burden in this case.

Payne alleges that the Government did not offer a legitimate reason why she and her son had to be interviewed simultaneously. Further, Payne alleges that Investigator Sattlefield's statement regarding Boles-Armstrong's future was intentionally coercive. Payne cites *United States v. Moreno*, 891 F.2d 247 (9th Cir. 1989), for the proposition that the simultaneous interviews and statements about her son during the interview were improper.  In *Moreno*, the Ninth Circuit concluded that the defendant was entitled to a hearing to determine voluntariness, where she confessed to involvement in drug activity after she was separated from her baby and witnessed her 16-year old daughter in handcuffs crying. *Id.* at 250.  The Ninth Circuit explained that "in these circumstances

4

the moral and psychological pressure to confess may have resulted from official action, and that action may have been intended by those engaging in it to have a powerful effect upon [the defendant's] feelings." *Id.*

The Court concludes that there was no moral or psychological pressure to confess in this case. First, there is no evidence that interviewing Boles-Armstrong was improper. As Judge Thalken stated, "The fact that Thomas [Boles-Armstrong] was involved was because Thomas was involved." (Filing No. 46 at 40:18-19.) Investigator Sattlefield explained that while Payne was a focus of the investigation, Boles-Armstrong's name was on a lot of the checks. (*Id.* at 26:4-13.) The fact that Boles-Armstrong was being interviewed did not appear to have a coercive effect on Payne. The recording of the interview demonstrates that the tone of the interview was conversational and cordial. There is no evidence that Payne appeared overpowered or psychologically pressured in any way. Even if the investigators' purpose in interviewing Payne and her son simultaneously was to prevent the two from colluding in preparing their answers, there is no evidence suggesting this tactic was unduly coercive under the circumstances.

Second, nothing in the evidence or testimony suggests that the investigators' tactics coerced Payne into confessing her involvement in criminal activity. Investigator Sattlefield testified that his statements about Boles-Armstrong's future were to reassure Payne that he did not want the allegations to impact Boles-Armstrong's opportunity. (Filing No. 46 at 26:4-10.) Payne did not confess her involvement immediately after Investigator Sattlefield's statement, and there is no evidence that her confession was somehow the result of this statement. Investigator Sattlefield testified that Payne's

5

confession came little by little, often after being confronted with documentary evidence. Under the totality of the circumstances, the Court concludes that the Government has demonstrated by a preponderance of the evidence that Payne voluntarily made the challenged statements. Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 46 at 37:3-46:22 and Filing No. 47) issued by Magistrate Judge Thomas D. Thalken, recommending that the Defendant Tamika Payne's Motion to Suppress (Filing No. 26) be denied, are adopted in their entirety;

2. Defendant Tamika Payne's Statement of Objections to the Findings and Recommendation (Filing No. 49) is overruled; and

3. Defendant Tamika Payne's Motion to Suppress (Filing No. 26) is denied.

Dated this 9th day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge